VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 21-ENV-00103



| | |
|---|---|
| **Brewster River Mountain Bike Club CU Application** | **MERITS DECISION** |

In this matter, David Demarest, and Jeff Moulton (together, "Appellants") appeal a Town of Underhill Development Review Board ("DRB") decision granting Brewster River Mountain Bike Club ("BRMBC") a retroactive conditional use permit and variance to install a bridge and ramp (together "the Bridge") on property located at 348 Irish Settlement Road in Underhill, Vermont ("the Property"). The Court and parties completed a site visit to the Property on October 3, 2023, followed by a one-day merits hearing on October 4, 2023 at Costello Courthouse in Burlington, Vermont.

Appellants are represented by attorney Jeremy Grant. BRMBC is represented by attorney Nicholas A.E. Low. The Town of Underhill is represented by attorney Joseph S. McLean but, at the direction of his client, did not participate in the merits hearing.

## Statement of Questions

Appellants filed a 16-Question Statement of Questions on November 2, 2021. In an Entry Order dated May 31, 2023, the Court dismissed Questions 15 and 16 of Appellants' Statement of Questions. In re Brewster River Mountain Bike Club CU Application, No. 21-ENV-00103 (Vt. Super. Ct. Envtl. Div. May 31, 2023) (Durkin, J.). Therefore, the following Questions are presented for a final determination:

> (1) Does the Underhill Road, Driveway & Trail Ordinance (the "Ordinance") apply to the Brewster River Mountain Bike Club's (the "Applicant") project to construct a bridge over Settlement Brook and related bike trail improvements (the "Project") on property owned by Nicole C.W. Ritchie & Elisabeth A. McIntee at 348 Irish Settlement Road in Underhill, Vermont (the "Property") because, in addition to seeking to build a bridge over Settlement Brook, the Applicant also seeks approval to substantially rebuild a road or driveway, as defined under that ordinance, providing direct or indirect access to or from a Town Highway, Fuller Road (Town Highway-26)?

(2) Does Applicant's Project require a Highway Access Permit, as required under Section 6.5 of the Ordinance and § 3.2 of the Town of Underhill, Vt Unified Land Use & Development Regulations (the "Underhill ULUDR") because the Applicant seeks to create a new access to a Town Highway, Fuller Road (TH-26), and would include an alteration of a traveled way?

(3) Because the Applicant seeks conditional use approval to encroach into the 100 foot setback from Settlement Brook, by building a bridge over Settlement Brook and incorporating the old bridge, which is a structure or impervious surface, into its trail within 100 feet from Settlement Brook, has the Applicant sufficiently established, pursuant to the Underhill ULUDR § 3.19.E.2, that "there is no practical physical alternative to clearing, filling or excavating within the setback or buffer area" and that "any resulting undue adverse impacts to surface waters, wetlands, water quality and associated functions and values will be mitigated through erosion controls, plantings, protection of existing vegetation, and/or other generally accepted mitigation measures"?

(4) Under § 3.19.E.2 of the Underhill ULUDR, which permits encroachment within the 100-foot setback from Settlement Brook, upon a finding that "there is no practical physical alternative", should the Court consider whether Applicant can obtain access to its trails from the Property's existing driveway or whether Applicant can obtain access over a different property that will not adversely impair Settlement Brook, a surface water and associated buffer deemed a "significant natural, historic and scenic resource" under § 5.3.B.1.a.iv of the Underhill ULUDR?

(5) Because the Underhill ULUDR § 3.19.E.2 only permits "[p]aved or unpaved public paths, intended for public access and recreation, that are located outside of required riparian and wetland buffer", is any portion of the Applicant's unpaved public path or trail permitted to be located inside the required 100 foot setback from Settlement Brook and does Applicant's bridge, which cross over Settlement Brook by several feet, actually provide a "[p]ublic access point to surface waters"?

(6) Because Applicant seeks to use the old bridge that crossed Settlement Brook as part of the trail and the Applicant indicated that the old bridge would be located within the Fuller Road (TH-26) right of way, does the Project comply with 30-foot front setback for accessory structures in a Rural Residential District, as set forth under Article II, Table 2.4 of the Underhill ULUDR?

(7) Has Applicant established, in its application, the "[p]rovision . . . for adequate and safe onsite vehicular and pedestrian circulation" as required for site plan approval pursuant to § 5.3.B.4 of the Underhill ULUDR?

(8) Because Applicant's proposed bridge will adversely affect or impair Settlement Brook, a surface water and associated buffer deemed a "significant natural, historic and scenic resource" under § 5.3.B.1.a.iv of the Underhill ULUDR, should the Court require the submission of a stormwater management and erosion control plan to minimize surface runoff and erosion, protect water quality, and to avoid damage to downstream properties pursuant to § 5.3.B.8 of the Underhill ULUDR?

(9) Can Applicant establish that its Project will not result in an undue adverse effect on traffic on road and highways in the vicinity, and, in particular, can Applicant establish its Project will not result of the creation of unsafe conditions for motorists or pedestrians, pursuant to § 5.3.B.3 of the Underhill ULUDR?

(10) Did Applicant provide sufficient legal documentation in its application for the Court to determine that all required improvements, rights-of-way and easement, and other common lands or facilities will be installed and adequately maintained either by the Applicant or the landowners, as required under § 5.4.D.4 of the Underhill ULUDR?

(11) Can Applicant establish it is entitled to a variance from the setback requirement as it relates to the front property line because literal enforcement of the setback results in undue hardship when the hardship is created by the Applicant, which chose to build a bridge without a permit and without considering other reasonable and feasible alternatives, pursuant to § 5.5.C.2 the Underhill ULUDR?

(12) Is the existence of the Settlement Brook in close proximity to the right of way of both Fuller Road (TH-26) and Irish Settlement Road an "exceptional physical condition to the particular property and the unnecessary hardship is created by this peculiarity", as required under § 5.5.C.2 of the Underhill ULUDR, when the Property can be developed for trails by using the existing driveway on the Property that crosses Settlement Brook?

(13) Does the term "vehicle", as used in the Underhill ULUDR, include bicycles and other non-motorized forms of transportation, particularly in light of the fact that the Underhill ULUDR sometimes includes provisions that only apply to "motor vehicles", such as § 4.14, 3.12.B?

(14) If the Court finds that Applicant satisfies the requirements for a conditional use approval and variance for its Project, should the Court condition issuance of a permit on Applicant accepting additional conditions to adequately ensure protection of: (a) surface runoff, erosion, water quality, and necessary hydrologic functions of Settlement Brook, (b) motor vehicle traffic on Fuller Road (TH-26) since motorists will have limited visibility of bikers existing the bridge

and entering the roadway, and (c) bikers existing the bridge, who will have limited visibility of motorists and others using Fuller Road?

Statement of Questions (filed on Nov. 2, 2021).

## Findings of Fact

1.   Nicole Ritchie and Elisabeth McIntee ("Landowners") own the property located at 348 Irish Settlement Road in Underhill, Vermont (previously defined as "the Property").

2.   The Brewster River Mountain Bike Club (previously defined as "BRMBC") is a non-profit organization that manages a network of bicycling and other non-motorized recreational trails in Underhill, Vermont.  Testimony of Mike Timbers.

3.   BRMBC's trail network runs through various parcels of private property, subject to the permission of each individual landowner. Id.

4.   The trails are open to the public, but information about the trails is not readily available. There are no maps of the trail network.  Id.

5.   In or around May 2021, BRMBC installed a bridge and ramp (together "the Bridge") on the Property with Landowners' permission.  Id.; Testimony of Elisabeth McIntee.

6.   The Bridge serves to connect the Property to the larger trail network.  Testimony of M. Timbers.

7.   The Bridge replaced a smaller bridge that had been at the same location.  The old bridge was repurposed into a boardwalk that leads up to the Bridge.  Id.

8.   Installation of the Bridge involved little to no land disturbance.  BRMBC Ex. 6.

9.   The Bridge is used by Landowners, their neighbors, and other members of the public, exclusively for non-commercial, non-motorized recreational activities, such as biking, walking, hiking, and running.  Testimony of Mike Timbers.

## Conclusions of Law

Both parties raise threshold issues as to whether this Court can review the merits of the application.  BRMBC argues that the Bridge is an incidental recreational use of private property that is not subject to regulation pursuant to the Underhill Unified Land Use and Development Regulations ("ULUDR") or Underhill Road, Driveway & Trail Ordinance ("the Road Ordinance").  Appellants dispute this argument, arguing that the Bridge is subject to zoning review.  We conclude that the Bridge is not subject to zoning, and therefore, the Court need not review all other arguments raised by Appellants, including their standing argument.

The Bridge does not require zoning approval because we conclude from the facts presented that the Bridge is a de minimis recreational use of private property. The Vermont Supreme Court has held that certain recreational uses of private property are outside the scope of zoning regulation. See In re Scheiber, 168 Vt. 534, 538 (1998) (holding that a shooting range was not a land development requiring a zoning permit); In re Laberge Moto-Cross Track, 2011 VT 1, 189 Vt. 578 (holding that a moto-cross track was not a structure as contemplated by the town's zoning regulations in part because the track was a de minimis recreational use of private property in a rural area). In these cases, the Vermont Supreme Court reasoned that the purpose of zoning is to manage municipal and regional growth, not the incidental recreational activities of private property owners. Scheiber, 168 Vt. at 538.

Here, the Bridge is precisely the type of de minimis recreational use of private land that is exempt from regulation. In Scheiber, the recreational activity at issue was a shooting range created by cutting trees and constructing an earthen backstop and shooting stand. Id. at 536. In Laberge, the moto-cross track involved a series of artificial jumps and berms. Laberge, 2011 VT 1, ¶ 2. In both cases, the Supreme Court held that the activity was a de minimis incidental use of property. Here, Landowners and other members of the public seek to use the Bridge and the Property for recreational pursuits that have less of an impact than the activities in Scheiber and Laberge (i.e., biking, walking, and other non-motorized, passive recreational pursuits). Moreover, the placement of the Bridge did not require any notable disturbance of land such as excavation, filling, or clearing of vegetation like the more extensive land work required in Scheiber and Laberge. Therefore, we conclude that the replacement Bridge and its use is a de minimis and incidental recreational use that is not subject to regulation.

Appellants argue that the Bridge must be regulated because it connects to a larger trail system on other lands that are open to the public. We disagree. Vermont law encourages landowners to make their land open to the public for non-commercial recreational use. 12 V.S.A. § 5791 ("The purpose of this chapter is to encourage owners to make their land and water available to the public for no consideration for recreational uses…").[1] The fact that a landowner does not exclude the public from recreational use on their land does not, in and of itself, subject an otherwise private recreational use to regulation. This seems particularly evident to the Court when those recreational activities are passive and non-motorized.

---

[1] Similarly, in the Act 250 context, jurisdiction as it relates to trails is limited compared to other types of land development. If a trail would otherwise trigger Act 250 jurisdiction pursuant to 10 V.S.A. § 6001(3)(A), the scope of jurisdiction is narrowly confined. Act 250 Rule 71. This indicates to the Court a clear desire to remove hinderances for uses, such as the Bridge, which promote free public use of private land for recreational purposes.

Here, Landowners and their neighbors use the Bridge as part of their private recreational use of the Property. Information about the trail network is not readily available to the public nor are there any maps of the trails. There are also no fees associated with use of the trail network. The trails are used for non-commercial, non-motorized activities, such as biking and walking, which are passive forms of recreation. Landowners do not restrict access to the Bridge or access to the larger trail network. The mere fact that Landowner's do not restrict the Bridge's use by the public does not render it subject to regulation.[2] It is still a de minimis private recreational use of the Property.[3] As such, the Bridge is not subject to zoning regulation, and therefore Appellant's remaining arguments and Questions are not within the jurisdiction conferred to this Court in these proceedings.

## Conclusion

For the reasons stated above, we conclude that the Bridge is not subject to regulation under the ULUDR or Road Ordinance as it is a de minimis recreational use of private property. Inherent to each of Appellant's Questions is the underlying assumption that the Bridge is subject to zoning regulations pursuant to the ULUDR and/or Road Ordinance. Since we have determined that these regulations do not apply, Appellants Questions are therefore not applicable for our review. We hereby render the underlying permit void and grant final judgment in favor of BRMBC.

**So Ordered.**

Electronically signed at Brattleboro, Vermont on Thursday, December 21, 2023, pursuant to V.R.E.F. 9(d).

Thomas S. Durkin, Superior Judge
Superior Court, Environmental Division

---

[2] Following Appellants' argument would create barriers to public recreational use of private land, contrary to what the Vermont Legislature seeks to promote.

[3] We emphasize that our ruling only applies to de minimis recreational uses of private property. There could certainly be private recreational activities that are subject to zoning regulation.